UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**GARBER YOEL,**

      **Plaintiff,**

v.

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

      **Defendant.**

Case No. 3:22-cv-0434
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court on the motion for an attorney fee pursuant to 42 U.S.C. § 406(b) in the amount of $ 65,339.00. (ECF No. 22) The Commissioner has not responded to the motion. For the reasons that follow, the motion is granted in part.

**I.    STANDARD**

Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits were large in comparison to

1

the time expended by counsel. *Id*. at 807-08. In making this determination, a court may also consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

## II.  PROCEDURAL HISTORY

Plaintiff's application for Disability Insurance Benefits (SSDI), alleging disability since May 2018, was originally filed in March 2019. (R. 24) In May 2021, an Administrative Law Judge issued a decision finding that Plaintiff was not disabled. (R. 24-36) An appeal from that decision was filed in this Court, and counsel filed a statement of contentions (ECF No. 9), and Plaintiff's brief. (ECF No. 13), On November 15, 2022, this Court granted the parties' proposal, reversed the Commissioner's decision, and remanded the matter to the Commissioner for further proceedings. (Consent Order, ECF No. 17) Final Judgment was entered that same day. (Final Judgment, ECF No. 18) This Court thereafter accepted the parties' stipulation and awarded Plaintiff an attorney's fee under the Equal Access to Justice Act, 28 U.S.C. § 2412, ("EAJA") in the amount of $ 6,700.00. (ECF No. 21)

In April 2024, Plaintiff was found to be disabled. (ECF No. 22-3, PageID# 533) Twenty-five percent of the total past-due benefits payable to Plaintiff and his children, $ 65,339.00, has been withheld for payment to Plaintiff's representative. (*Id*. at PageID# 533; ECF No. 22-7, PageID# 540-48)

## III.  DISCUSSION

The fee agreement executed by Plaintiff and his counsel authorizes a fee of 25% of all past-due benefits for work performed before this Court. (ECF No. 22-6) Plaintiff's counsel itemizes a total of 32.3 hours of attorney time expended on Plaintiff's behalf before this Court. (ECF No. 22-5)

Taking into account the relevant factors, *see Grisbecht*, 515 U.S. at 807-08, the Court observes that Plaintiff's counsel is skilled, with substantial prior experience in this Court in this area of the law. Moreover, counsel's representation of Plaintiff before this Court was effective and, as noted, resulted in the reversal of the Commissioner's decision and an order of remand. The favorable result that Plaintiff and his family ultimately realized is a testament to his counsel's competence and efforts. Furthermore, years had elapsed between the time that Plaintiff filed his application for benefits and the awarding of benefits—delay that affected his counsel as well as Plaintiff. Although Plaintiff's counsel caused some delay in the progress of this case, *see* Order to Show Cause, ECF No. 8, that delay was minor. Of course, the Court is also aware of the substantial risk of non-compensation that attorneys assume when representing clients such as Plaintiff on a contingency fee basis in cases such as this. *See Tschudy*, 2020 WL 3316403, at *1.

However, the statute requires that the award under § 406(b) be reasonable and the Supreme Court in *Grisbecht* cautioned that a reduction may be warranted when "the benefits are large in comparison to the amount of time counsel spent on the case". *Id.* at 808. Counsel seeks a fee award of $ 65,339.00, which would result in an imputed effective hourly rate of $ 2,022.88 per hour. That amount raises the specter of a windfall to Plaintiff's attorney. And although "[t]he windfall analysis is not 'a way of reintroducing the lodestar method' to determine whether a fee under § 406(b) is reasonable," *Rene C. Comm'r of Soc. Sec.*, No. CV 20-8527 (RMB), 2025 WL 580442, at 2 (D.N.J. Feb. 21, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022)), this Court cannot ignore the large size of the requested fee, nor the fact that the size of the total past-due benefits is a function, in part, of the award to Plaintiff on behalf of his children. If the full fee were based solely on the past-due benefits awarded to Plaintiff in his own right, the fee

would amount to $ 43,579.43 (ECF No. 22-7, PageID# 540) This amount would result in an imputed hourly rate of approximately $ 1,349.21.

Of course, the fact that Plaintiff's children are or were entitled to benefits required no additional work by his counsel, nor did that fact increase the risk undertaken by counsel. *See Shackles v. Barnhart*, No. CIV.A. 04-CV-0822, 2006 WL 680960, at *2 (E.D. Pa. Mar. 15, 2006) (basing the attorney's fee calculation solely on the past-due benefits awarded to the plaintiff-claimant, after excluding the amounts awarded to her minor children). This Court concludes that to award the entire fee sought in the motion would result in an unwarranted windfall to counsel. Instead, the Court concludes that a fee of $ 43,579.43 is reasonable. That fee amounts to 25 % of the total past-due benefits awarded to Plaintiff in his own right and reflects compensation of 32.3 hours at the rate of $ 1,349.21 per hour, which is nevertheless a generous rate of compensation. While recognizing that this calculation may be viewed as articulated in lodestar terms, the Court does not intend to base its conclusion on simply a lodestar analysis. Rather, the Court reaches this conclusion after considering the relevant factors set forth in *Grisbecht* but also recognizing the impact of the past-due benefits awarded to Plaintiff's children. In short, the Court concludes that this award is reasonable within the meaning of 42 U.S.C. § 406(b)(1).

## IV. CONCLUSION

Plaintiff's Motion for Attorney Fees, ECF No. 22, is **GRANTED IN PART**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 43,579.43, which is less than 25% of the total past due benefits awarded to Plaintiff and his children, be remitted to **James**

**Langton, Esq.** Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 6,700.00 to Plaintiff.


October 9, 2025                                                  *s/ Norah McCann King*
                                                                 Norah McCann King
                                                                 United States Magistrate Judge